**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIE LIU, | No. 07-74157 |
| Petitioner, | Agency No. A079-642-432 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Jie Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Liu filed his asylum application within a reasonable period of time given any changed circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, Liu's asylum claim fails.

The record does not compel the conclusion that Liu faces a clear probability of persecution in China on account of the birth of his two United States citizen children.  *See Ramadan*, 479 F.3d at 658; *see also Lin v. Holder*, 588 F.3d 981, 988 (9th Cir. 2009) (noting BIA's conclusion in *Matter of J-W-S-*, 24 I & N Dec. 185 (BIA 2007), that the Chinese government does not have a national policy requiring forced sterilization of a parent who returns with a second child born outside of China) (citation and internal quotation omitted).  Accordingly, Liu's withholding of removal claim fails.

We lack jurisdiction over Liu's CAT claim because he did not exhaust it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

07-74157

Finally, Liu's due process claim that the BIA omitted significant facts is not supported by the record, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000), and we lack jurisdiction to review this claim as to the IJ because he did not exhaust it. *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**